**Chris KARRAS, Appellant,**

**v.**

**Walter LEAPLEY, Warden, South Dakota State Penitentiary; Roger Tellinghuisen, Attorney General, State of South Dakota, Appellees.**

No. 91–3587.

United States Court of Appeals, Eighth Circuit.

Submitted June 10, 1992.

Decided Sept. 1, 1992.

Douglas Hoffman, Sioux Falls, S.D., argued, for appellant.

David Wiest, Asst. Atty. Gen., Pierre, S.D., argued, for appellee.

Before BOWMAN, LOKEN, Circuit Judges, and LARSON,* Senior District Judge.

* The HONORABLE EARL R. LARSON, Senior United States District Judge for the District of Minnesota, sitting by designation.

BOWMAN, Circuit Judge.

Chris Karras appeals from the order of the District Court[1] denying his petition for a writ of habeas corpus. We affirm.

In 1987, Karras was convicted in South Dakota state court of making false or fraudulent sales tax returns during the calendar year 1984. In support of its case, the State introduced evidence pursuant to the "percentage" method of revenue reconstruction and the "bank deposits" method of revenue reconstruction. The bank deposits method was described to the jury as

proceed[ing] on the basis that if a taxpayer is engaged in an income producing business ... and periodically deposits money in bank accounts ... *an inference arises* that such bank deposits represent taxable gross receipts that defendant received from his business unless it appears that the deposits ... came from non sales taxable sources.

1. The Honorable John B. Jones, United States Chief District Judge for the District of South Dakota.

2. Later in Jury Instruction 12B, the phrase "raises an inference" was used. For purposes of this opinion, all references to and discussion of the objected-to phrase "an inference arises" relates also to the later "raises an inference" phrase.

3. Jury Instruction 12 reads in its entirety:
    Direct evidence means evidence that directly proves a fact, without an inference, and which in itself, if true establishes that fact.
    Circumstantial evidence means evidence that proves a fact from which an inference of the existence of another fact may be drawn.
    **An inference is a deduction of fact that may logically and reasonably be drawn from another fact or group of facts established by the evidence.**
    It is not necessary that facts be proved by direct evidence. They may be proved also by circumstantial evidence or by a combination of direct and circumstantial evidence. The law makes no distinction between direct evidence and circumstantial evidence as a means of proof. Neither is entitled to any greater weight than the other.
    Where the case of the State rests substantially or entirely on circumstantial evidence, you are not permitted to find the defendant guilty of the crime charged against him unless the proved circumstances are not only consistent with the theory that the defendant is guilty of the crime, but cannot be reconciled with any other rational conclusion and each fact which is essential to complete a set of circumstances necessary to establish the de-

Jury Instruction 12B, *reprinted in* Appendix at 172 (emphasis added).

■ The sole issue in this habeas case is whether the above-quoted instruction describing the bank deposits method, using the language "an inference arises,"[2] created an unconstitutional mandatory presumption that effectively "reliev[ed] the State of its burden of persuasion beyond a reasonable doubt of every essential element of [the] crime." *Francis v. Franklin,* 471 U.S. 307, 313, 105 S.Ct. 1965, 1970, 85 L.Ed.2d 344 (1985). The District Court found that read as a whole, and because of the Eleventh Circuit's acceptance of a nearly-identical jury instruction, *see Pattern Jury Instructions—Criminal Cases, U.S. Eleventh Circuit* 234 (West 1985), Jury Instruction 12B did not unconstitutionally shift the burden of proof from the State to Karras.[3]

fendant's guilt has been proved beyond a reasonable doubt.
12A
    In this case, the State relies upon the "Percentage Method of Proof" to prove the gross receipts from the defendant's business. This method of proof proceeds on the basis that the cost of goods sold, in the defendant's business, will be a reliable indication of the gross sales which he should have reported during the individual sales tax reporting periods. This method depends on the fact that gross sales can be determined by dividing the amount of product purchased in that period by the cost of goods sold percentage.
    In order to find the resulting gross sales to be reliable and reasonably accurate, you must first determine that the State has shown that the cost of goods sold percentage is a reliable number. In order for you to find that, you must determine whether the State has shown accurately and fairly the average cost of raw product which the defendant did utilize in his menu items, and that the State has reasonably constructed the menu price for those menu items.
    When considering the raw product, the State applied a weighted average. That weighted average was used in computation of the cost of goods percentage which was then applied to total dollar purchases to arrive at the defendant's total sales by sales tax reporting period.
    If you find that the State has reasonably and accurately determined defendant's cost of raw product used for any tax reporting period, the volume of raw product used and his 1984 menu prices, then you may determine

"The analysis is straightforward.... The court must determine whether the challenged portion of the instruction creates a mandatory presumption or merely a permissive inference." *Francis*, 471 U.S. at 313–14, 105 S.Ct. at 1971 (citations omitted). This is a close question. "An inference arises," used in the context of explaining to the jury how a method of proof operates, is not as clearly mandatory as the phrase "is presumed," *see Francis*, 471 U.S. at 311, 105 S.Ct. at 1969, nor the phrase "the presumption is." *United States v. Cerone*, 830 F.2d 938, 946 (8th Cir.1987), *cert. denied*, 486 U.S. 1006, 108 S.Ct. 1730, 100 L.Ed.2d 194 (1988). On the other hand, "an inference arises" lends itself more readily to creating a mandatory presumption than the alternative "an inference may arise." For purposes of our analysis, we will assume the "an inference arises" phrase "could reasonably have been understood as creating a presumption that relieve[d] the State of its burden of persuasion." *Francis*, 471 U.S. at 315, 105 S.Ct. at 1971.

■ Before we may find a constitutional error, however, Jury Instruction 12 "must be considered in the context of the instruc-

that the cost of goods percentage applied to purchases fairly and accurately represents the defendant's gross sales by sales tax reporting period based upon weighted averages.

**If you decide that the evidence in the case establishes beyond a reasonable doubt that the State has accurately determined the underlying supporting data in a reasonable and reliable manner, then you may determine that the State computed the gross sales properly for each required reporting tax sales reporting period.** In reaching this decision, you may consider other evidence offered by the State which may corroborate sales in excess of those which were reported by the defendant, such as unexplained deposits, cash payment, and other indications of unreported funds.

12B

In this case, the State relies upon the so-called "bank deposits method" of proving unreported gross receipts from defendant's business.

**This method of proof proceeds on the basis that if a taxpayer is engaged in an income producing business or occupation and periodically deposits money in bank accounts in his name or under his control, an inference arises that such bank deposits represent taxable gross receipts that defendant received from his business unless it appears that the deposits represented redeposits or transfers of funds between accounts, or that deposits came from non sales taxable sources such as proceeds from sales of real estate, rental and interest income, proceeds from the sale of stock and stock dividends, profits or draws from the business, gifts, inheritances or loans. This method also contemplates that any expenditures by the defendant of cash or currency from funds not deposited in any bank and not derived from the non sales taxable sources referenced above, similarly raises and [sic] inference that such case or currency represents taxable gross receipts that defendant derived from his business.**

Because the "Bank deposits method" of proving unreported income involves a review of the defendant's deposits and cash expenditures which came from taxable sources, the State must establish an accurate cash-on-hand figure from the beginning of the tax reporting period. The proof need not show the exact amount of the cash-on-hand so long as it establishes that the State's claimed cash-on-hand figure is reasonably accurate.

In determining whether or not the claimed cash-on-hand of the defendant at the starting point is reasonably accurate, you may consider whether State agents sufficiently investigated all reasonable "leads" suggested to them by the defendant, or which otherwise surfaced during the investigation concerning the existence of other funds at that time. If you should find that the State's investigation has either failed to reasonably pursue, or to refute, plausible explanations which were advanced by the defendant, or which otherwise arose during the investigations, concerning the defendant's cash-on-hand at the starting point, then you should find the defendant not guilty. Notice, however, that this duty to reasonably investigate applies only to suggestions or explanations made by the defendant, or to reasonable leads which otherwise turn up; the State is not required to investigate every conceivable source of nontaxable funds.

**If you decide that the evidence in the case establishes beyond a reasonable doubt that the defendant's bank deposits together with his expenditures not derived from the non taxable sources referenced above, during the year did substantially exceed the amount of gross receipts reported on the defendant's sales tax returns, you should then proceed to decide whether the evidence also establishes beyond a reasonable doubt that such additional deposits and expenditures represented taxable gross receipts (that is, gross receipts from taxable sources) on which the defendant willfully attempted to evade and defeat the tax as charged in the Indictment.** Jury Instruction 12, *reprinted in* Appendix at 169–173 (emphasis added).

tions as a whole and the trial record. In addition, in reviewing an ambiguous instruction such as the one at issue here, we inquire 'whether there is a reasonable likelihood that the jury has applied the challenged instruction in a way' that violates the Constitution." *Estelle v. McGuire,* —— U.S. ——, ——, 112 S.Ct. 475, 482, 116 L.Ed.2d 385 (1991) (quoting *Boyde v. California,* 494 U.S. 370, 380, 110 S.Ct. 1190, 1198, 108 L.Ed.2d 316 (1990)) (citation omitted).[4] "That determination requires careful attention to the words actually spoken to the jury...." *Sandstrom v. Montana,* 442 U.S. 510, 514, 99 S.Ct. 2450, 2454, 61 L.Ed.2d 39 (1979).

Our review of the record, the jury instructions read as a whole, and in particular Jury Instruction 12 read in its entirety, convinces us that there is not a "reasonable likelihood" that the jury applied Jury Instruction 12 in an unconstitutional manner. *Boyde,* 494 U.S. at 380, 110 S.Ct. at 1198. As noted earlier, the questionable language does not clearly conjure up a mandatory presumption. Further, the objected-to phrase was read to the jury in the context of an explanation of the theory behind one of the State's methods of revenue reconstruction; it was not part of a discussion about the burden of persuasion required to show an element necessary to prove the crime. Finally, the objected-to phrase was included in a jury instruction that ended with the clear language that the jury was "to decide whether the evidence also establishes beyond a reasonable doubt that such additional deposits and expenditures represented taxable gross receipts," the issue to which the objected-to phrase related. Jury Instruction 12B, *reprinted in* Appendix at 172, 173.

 It is true that "general instructions as to the prosecution's burden and the defendant's presumption of innocence do not dissipate the error in the challenged portion of the instructions." *Francis,* 471 U.S. at 320, 105 S.Ct. at 1974. This case, however, is distinguishable from the scenario described in *Francis.* In the present case, not only was a general instruction regarding the State's burden of proof and the presumption of innocence read to the jury in an earlier instruction, but also the objected-to instruction itself (Instruction 12B) ended with a correct statement of the State's burden of proof specifically related to the bank deposits method of revenue reconstruction. This is different from the *Francis* example of two separate instructions, one with "bad" language and one with a general statement about the required burden of proof. Here, the "curative" language was included within the allegedly deficient instruction itself.[5] Moreover, *Sandstrom* and *Francis* "[do] not stand for the proposition that reversal is necessary whenever an instruction standing alone created any possibility that the jury misallocated the burden of proof." *United States v. Hiland,* 909 F.2d 1114, 1132 n. 26 (8th Cir.1990).

We are not persuaded that the challenged instruction was constitutionally infirm.[6] Accordingly, the order of the District Court denying habeas relief is affirmed.

---

**4.** In *Estelle v. McGuire,* —— U.S. ——, —— n. 4, 112 S.Ct. 475, 482 n. 4, 116 L.Ed.2d 385 (1991), the Supreme Court explicitly rejected the "reasonable juror" standard in favor of the "reasonable likelihood" standard.

**5.** Further, it is not reasonably likely that the "curative" portion of the instruction was understood by the jury as contradicting the earlier "bad" language; rather, the curative language properly explained the burden of proof. *See*

*Francis v. Franklin,* 471 U.S. 307, 318–19, 105 S.Ct. 1965, 1973–74, 85 L.Ed.2d 344 (1985).

**6.** In our view, however, prosecutors and trial courts would be well-advised to avoid instructing juries that "an inference arises." Instead, it would seem far better and safer simply to instruct the jury, where appropriate, that "an inference may arise" or "you may infer."